UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Zachary L. Toler,

Plaintiff,

v.

Matthew L. Gilmore, *et al.*,

Defendants.

Case No. 3:26-cv-82

ORDER

On January 13, 2026, *pro se* plaintiff Zachary L. Toler filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against several defendants associated with various state court proceedings involving Plaintiff, including judicial officers, law enforcement officers, an attorney, and the mother of his child, each sued in their individual capacities only. (Doc. No. 1). Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"), (Doc. No. 2), and an emergency motion for a temporary restraining order. (Doc No. 3).

The IFP application, however, is implausible on its face. Plaintiff indicates that he receives $300 in public assistance, has $40 in checking or savings accounts, has a motor vehicle valued at $500, is responsible for the care and support of a minor daughter, and during his previous employment he received $3,000 monthly income. (*See* Doc. No. 2). For the remainder of the application, Plaintiff filled all of the blanks with "0's" or "N/A," suggesting he has no other assets, no debt, no income or support of any kind (other than what is noted above), and no living expenses, including food, shelter, or utilities. Plaintiff states that he is homeless, yet he listed an address in his Complaint in St. Mary's, Ohio as his residence.

Plaintiff offers no explanation of how he is able to live in the residence if he does not own the house or apartment, does not rent the house or apartment, is not living with another person who is paying rent, and is receiving no support of any kind from anyone else. Further, Plaintiff lists a phone number on his application, which suggests he has utility expenses, yet he fails to disclose this expense to the Court or disclose a means of support or a source of income to address this expense. Plaintiff also states that he owns a motor vehicle, yet he fails to identify any transportation expenses. It is inconceivable that Plaintiff does not purchase food or obtain food assistance from another source.

I also note that in addition to this action, Plaintiff has filed at least three other civil rights complaints in this Court. *See Toler v. Zitter, et al.*, No. 3:25-cv-02266-JRK (filed Sept. 18, 2025); *Toler v. Pepple et al.*, No. 3:25-cv-02011-JRK (filed Sept. 22, 2025); *Toler v. Delzeith, et al.*, No. 3:25-cv-02248-JRK (filed Oct. 20, 2025). Additionally, according to Plaintiff's Complaint, he has publicly announced his candidacy for Governor of Ohio. (*See* Doc. No. 1 at 2). These factors suggest he has additional expenses, as well as some means of support to address the expenses. Neither the expenses nor the support have been noted in Plaintiff's IFP application.

Plaintiff signed the application "under penalty of perjury," attesting that the information in the IFP was true and correct and that a false statement may result in the dismissal of his claims. (Doc. No. 2 at 1). At best, Plaintiff has failed to make a sincere attempt to properly complete the IFP application. Construed less generously, it appears that the application was not completed truthfully.

Title 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of court filing fees by filing a sworn application to proceed *in forma pauperis*. But proceeding *in forma pauperis* is a privilege, not a right. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). "Under [§ 1915(a)], the Court must conduct a satisfactory inquiry into the plaintiff's ability to

pay the filing fee and prosecute the lawsuit." *Dandridge v. Hooman*, No. 05-2401-B/P, 2006 WL 27184, at *1 (W.D. Tenn. Jan. 5, 2006). "The decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court." *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004) (citing *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988)).

Here, Plaintiff has not provided credible or plausible information regarding his income, expenses, and other factors bearing upon his ability to pay the filing fee. I am unable to properly assess Plaintiff's indigent status without this information. Therefore, his motion to proceed IFP is denied. *See Liggins v. Am. Elec. Power Co.*, No. C2-04-502, 2008 WL 2491749, at *2 (S.D. Ohio June 17, 2008) (denying motion to proceed IFP on appeal where plaintiff failed to support her motion with sufficient detail to provide the court with adequate information to determine if she lacks the financial resources to pay the filing fee) (citing *Flippin*, 107 F. App'x at 521); *see also Reynolds v. Fed. Bureau of Prisons*, 30 F. App'x 574 (6th Cir. 2002) (finding that the district court acted within its discretion in denying plaintiff's IFP application where plaintiff did not identify his securities with particularity or offer a credible estimate of their value) (citation omitted).

Accordingly, I deny Plaintiff's application to proceed *in forma pauperis*, (Doc. No. 2), and his motion for emergency relief, (Doc. No. 3), and dismiss Plaintiff's complaint. (Doc. No. 1). Plaintiff may move to reopen this case within 15 days of the date of this Order by paying the full filing fee of $405.00 and filing a motion to reopen contemporaneous with the payment of the full filing fee. I order the Clerk of Court not to accept any document for filing in this case, including a motion to reopen or a motion for reconsideration, unless the filing fee is first paid in its entirety.

Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge